```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

 SAMBOU BARADJI,

                    Plaintiff,              MEMORANDUM & ORDER
                                             23-CV-2125(EK)(SJB)
          -against-

 DELTA AIRLINES,

                    Defendant.

-------------------------------------x
```
ERIC KOMITEE, United States District Judge:

        Sambou Baradji sues Delta Airlines, alleging Delta discriminated against him based on his race and national origin. Acting *pro se*, he asserts claims under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act. Baradji's request to proceed *in forma pauperis* (IFP) pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, the complaint is dismissed without prejudice, and Baradji is granted 30 days' leave from the date of this order to file an amended complaint.

### I. Factual Allegations

        Baradji has submitted a form complaint alleging employment discrimination. Compl., ECF No. 1. He attached to the form a typewritten page setting out a narrative description of his allegations. On the form complaint, Baradji checked boxes indicating that he is suing for failure to hire,

termination of employment, failure to promote, and retaliation. *Id.* at 4.[1]  He also checked boxes indicating that he alleges discrimination based on race and national origin.  *Id.* at 5.

In the attached narrative recitation, Baradji indicates that he worked for Delta Airlines at John F. Kennedy International Airport, though he does not say what his job was. He alleges that Delta terminated him on November 1, 2021 "based on the incident that happened in 2018." *Id.* at 9.  This may be a typographical error, as the complaint does not appear to date any particular event to 2018.  Baradji does allege that Delta "punished" him for an event occurring in December 2019.  *Id.* That event apparently involved the handling of luggage.  Baradji says that:

> On December 18th we had a flight that was going to SDQ Santa Domingo at B30, we didn't have enough space overhead, and passenger's carry-on were taken away to the ramp side.  Once the bags go ramp side, they can't bring them back on the jet bridge but Michael Morrison brought them back [and] I immediately informed my former general manager Matthew Medina [and] he didn't do anything about it.

*Id.*

The complaint does not suggest that Delta took any adverse action (such as demotion or termination) against Baradji in the immediate aftermath of that event.  Instead, Baradji alleges that he was terminated in November 2021 "based on the

---

[1] The Court refers to the page numbers assigned by the court's Electronic Case Filing ("ECF") system.

2

incident that happened in 2018" [possibly 2019]. Delta used COVID-19 "as an excuse" for the 2021 termination. *Id.*

Thereafter, Baradji received an offer to return: "I was interviewed and received a job offer." *Id.* But "upper management impeded" his return: they advised him "that based on what happened in 2018," he could not be re-hired. *Id.; see also id.* (Baradji was advised that "because [he had] something in [his] file," Delta could not rehire him).

The incident involving the passenger's carry-on bag is not clearly explained. Nevertheless, Baradji suggests that Mr. Morrison, the white general manager who was actually at fault, was not punished. *See id.* Baradji also alleges that three former operation service managers, Sheikh Mohammad, Jeffre Planski, and Christopher Barnett, "were promoted" despite having "documentation in their files," *id.* — presumably documentation of wrongdoing or incompetence, though the nature of the documentation is unclear. *See id.* Baradji attributes this disparity in treatment to the fact that he "doesn't look like" them. *See id.*

## II. Discussion

The Court must read Baradji's *pro se* complaint liberally and interpret it to raise the strongest arguments it suggests. *See, e.g., Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). At the pleadings stage, the Court

must also assume the truth of the complaint's "well-pleaded, nonconclusory factual allegations." *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010).[1]  However, under 28 U.S.C. § 1915(e)(2)(B)(ii), a district court must dismiss an *IFP* action if it "fails to state a claim on which relief may be granted."  The claim must, furthermore, be "plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

   The current complaint does not meet that standard.  Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).  When a plaintiff does not present "direct evidence of discrimination," such as "a facially discriminatory policy," *see Sanders v. New York City Hum. Res. Admin.*, 361 F.3d 749, 757 (2d Cir. 2004), a plaintiff must plausibly plead that he "is a member of a protected class,

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

4

was qualified, [and] suffered an adverse employment action." *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015).  He must also marshal "at least minimal support for the proposition that the employer was motivated by discriminatory intent," *id.* — that is, that "his race, color, religion, sex, or national origin was a motivating factor in the employment decision."  *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015).

Despite the liberal reading owed *pro se* plaintiffs, Baradji has not met this standard.  Specifically, Baradji does not allege adequate *factual content* to render plausible his contention that his race or national origin motivated Delta's decision to terminate him, or its refusal to rehire him.  Simply put, the existing complaint does not reveal enough of what happened in 2018, 2021, or any year in between to give rise to a plausible inference that the defendant acted on the basis of an improper motive.

"A showing of disparate treatment — that is, a showing that an employer treated [the] plaintiff less favorably than a similarly situated employee outside his protected group — is a recognized method of raising an inference of discrimination . . . ." *Mandell v. Cnty. of Suffolk*, 316 F.3d 368, 379 (2d Cir. 2003).  When considering whether a plaintiff has raised an inference of discrimination by showing that he was

5

subjected to disparate treatment, "the plaintiff must show she was similarly situated in all material respects to the individuals with whom she seeks to compare herself." *Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000).

Here, however, Baradji does not plausibly allege that he was similarly situated to Morrison, Mohammad, Planski, or Barnett. Baradji does not allege his own job title, his seniority, or his qualifications relative to these suggested comparators. He also does not supply a clear description of the 2018 (or 2019) incident on which Delta has allegedly based its adverse employment decision. This prevents any reasonable comparison of his conduct to Morrison's or any other comparator's. Because of these omissions, Baradji does not state a plausible claim for employment discrimination.

Baradji additionally cites the Americans with Disabilities Act, 42 U.S.C. §§ 12112-17. However, he does not allege that he suffers from any disability. *See* Compl. at 4-5 (alleging race and national origin discrimination only). The ADA permits claims only for "adverse employment action because of [the plaintiff's] disability or perceived disability." *Kinneary v. City of New York*, 601 F.3d 151, 155-56 (2d Cir. 2010). Baradji therefore does not state an ADA claim.

6

### III. Conclusion

For the foregoing reasons, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). In light of Baradji's *pro se* status, he is granted 30 days' leave from the date of this order to file an amended complaint. *See Cruz v. Gomez*, 202 F.3d 593, 597-98 (2d Cir. 2000). That amended complaint should correct the pleading deficiencies identified in this order.

As part of his amended submissions, Baradji may submit a copy of the charge he filed with the EEOC. However, Baradji cannot rely on the charge to replace a statement of claim. Baradji should also resubmit a copy his Right to Sue letter, along with his amended complaint. Baradji is advised that the amended complaint will **completely replace** the original complaint, must be captioned "Amended Complaint," and shall bear the same docket number as this order: 23-CV-2125 (EK) (SJB).

No summonses shall issue at this time and all further proceedings shall be stayed for 30 days. If Baradji does not file an amended complaint within the time allowed, or cure the deficiencies discussed herein, judgment dismissing the action shall enter.

The Clerk of Court is respectfully directed to forward an employment discrimination form complaint to Baradji, along with this order. Baradji may wish to consult the City Bar

7

Justice Center's Federal Pro Se Legal Assistance Project at (212) 382-4729 for free, limited-scope legal assistance.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

      /s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:   November 30, 2023
        Brooklyn, New York