UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAMBOU BARADJI,<br><br>   Plaintiff,<br><br> v.<br><br>DELTA AIRLINES,<br><br>   Defendant. | 1:23-cv-02125-EK-SJB |

**DEFENDANT'S MEMORANDUM OF LAW
<u>IN SUPPORT OF ITS MOTION FOR A MORE DEFINITE STATEMENT</u>**

Ira G. Rosenstein
Morgan Lewis & Bockius LLP
101 Park Avenue
New York, New York 10178
Ira.Rosenstein@morganlewis.com
Imani.Gunn@morganlewis.com
*Attorney for Defendant*

Pursuant to Federal Rule of Civil Procedure ("Rule") 12(e), Defendant Delta Air Lines, Inc.[1] ("Delta"), by its undersigned counsel, respectfully requests this Court order Plaintiff Sambou Baradji to provide a more definite statement of his claims. As discussed in Delta's Pre-Motion Letter (Dkt. 13) and further detailed herein, Plaintiff's Second Amended Complaint ("SAC", Dkt. 8) remains so vague and ambiguous that Delta cannot respond in good faith, without prejudice to itself. Despite two prior opportunities to amend, Plaintiff's claims are still inadequate; while the SAC added more content, the allegations have become increasingly confusing and illogical. Accordingly, and in the alternative, Defendant requests that this Court dismiss with prejudice the SAC under Rule 12(b)(6) for failure to state a claim.

I. **RELEVANT PROCEDURAL AND FACTUAL BACKGROUND**

   A. **Procedural History**

On April 13, 2023, Plaintiff filed his initial Complaint in this matter, in which he lodged several confusing and disjointed allegations against Delta and claimed that Delta terminated him in both 2020 and 2021 and subsequently refused to rehire him based on an "incident that happened in 2018." Complaint (Dkt. 1) at 5, 9. On his initial form complaint, Plaintiff checked the boxes indicating he sought to allege discrimination on the bases of race and national origin. *Id.* at 5. On November 30, 2023, this Court dismissed the initial complaint, stating:

> Despite the liberal reading owed *pro se* plaintiffs, Baradji has not met this standard. Specifically, Baradji does not allege adequate *factual content* to render plausible his contention that his race or national origin motivated Delta's decision to terminate him, or its refusal to rehire him. Simply put, the existing complaint does not reveal enough of what happened in 2018, 2021, or any year in between to give rise to a plausible inference that the defendant acted on the basis of an improper motive.

---

[1] Plaintiff misidentifies Delta Air Lines, Inc. as "Delta Airlines" in this Action.

2

Nov. 30, 2023 Order (Dkt. 5) (emphasis in original). Plaintiff then filed his First Amended Complaint on December 20, 2023 (Dkt. 6) and the operative SAC on May 2, 2024.[2] The SAC contains a copy of Plaintiff's Charge of Discrimination filed with the New York State Division of Human Rights, which indicates that Plaintiff's discrimination charge is based on race, national origin, and retaliation. SAC at 31.

    B.    **Factual Background**

According to the SAC, Plaintiff was hired by Delta on May 12, 2014, initially working as a seasonal agent. SAC at 12. Plaintiff asserts that, during his employment, he received multiple promotions and was serving as an Operations Service Manager at the time of his termination on November 1, 2021. *Id.* Plaintiff's claims in the SAC appear to arise from an incident on September 24, 2018. On that date, Plaintiff alleges that he was scheduled for an 8:35 a.m. flight. *Id.* at 12. Upon arriving at the airport, Plaintiff realized he had forgotten his Delta ID and returned home to retrieve it, causing him to arrive late to the gate. *Id.* Plaintiff states this ultimately resulted in a determination that he committed a security breach. *Id.* at 12-13. The SAC provides no basis for this determination or the decisionmaker, nor does Plaintiff allege that he disputed this finding. *See id.* Plaintiff further alleges, without explanation, that "they" offered him a position on the condition that "they would move on from the September 28th incident", though the SAC provides no details regarding any event occurring on September 28. Plaintiff claims he declined this unidentified position, after which "they started targeting [him]." *Id.* at 13.

---

[2] On April 9, 2024, Plaintiff filed his Notice of Charge of Discrimination, showing that he had dual-filed claims of discrimination with the New York State Division of Human Rights and the Equal Employment Opportunity Commission. (Dkt. 7.) The Court construed Plaintiff's filing as a Motion for Leave to Amend his Amended Complaint and granted such leave, after which Plaintiff filed his SAC.

Plaintiff then claims that three years later, he was terminated on November 1, 2021, and further asserts that, "before [his] employment termination on November 1st, 2021, [he] was terminated on October 1st, 2020 because [he] didn't secure a job." *Id.* at 17. The SAC does not reconcile these conflicting termination dates or explain whether the alleged October 2020 termination is relevant to his claims. Nor does Plaintiff identify any decisionmakers for either termination decision or connect them to the vaguely described 2018 incident.

Plaintiff also references unsuccessful attempts to apply for positions at Delta, often without specifying dates – or citing dates preceding his alleged terminations – while repeatedly referring to unidentified actors as "they" and sporadically inserting excerpts of email correspondence. *See, e.g., id.* at 17-24. Additionally, much of his SAC consists of speculation untethered to any particular claim, asserting that various employees at unspecified times received discipline yet were retained or promoted. *Id.* at 13-19.

Although this Court may again dismiss the SAC sua sponte for failure to satisfy Rule 8 pleading requirements, as it previously did, notwithstanding Plaintiff's pro se status. *See Ross v. Dempsey Unif. & Linen Supply*, 739 F. App'x 59, 60 (2d Cir. 2018) ("The district court must liberally construe a pro se complaint, but nonetheless must dismiss the complaint sua sponte if it is brought in forma pauperis and fails to state a claim on which relief may be granted." (citations omitted)); *see also* Nov. 30, 2023 Order (Dkt. 5) (dismissing Plaintiff's Complaint sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)). Delta now moves under Rule 12(e) for a more definite statement to determine whether grounds exist for a motion to dismiss under Rule 12(b)(6).

II. **LEGAL STANDARD**

Rule 8(a)(2) "requires . . . a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (citations omitted).

Rule 8(d) requires that "[e]ach allegation must be simple, concise, and direct." *Id.* Although pro se plaintiffs are "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), pro se plaintiffs "must still comply with . . . Rule 8 . . . which mandates 'a short and plain statement of the claim showing that the pleader is entitled to relief' and allegations that are 'simple, concise, and direct,'" *Douek v. Citibank*, No. 20-CV-8074 (JMF), 2021 WL 3604761, at *1 (S.D.N.Y. Aug. 12, 2021). Moreover, courts "may grant a motion for a more definite statement to balance the Second Circuit's direction that *pro se* pleadings be construed liberally with the needs of a respondent to address the claims against it." *Ngambo v. Social Security Administration*, 2023 WL 8275925, at *2 (S.D.N.Y.).

Rule 12(e) allows a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." *See also CoorsTek Korea Ltd. v. Loomis Products Company*, 586 F. Supp. 3d 331, 338 (E.D.P.A. 2022). A motion for a more definite statement under 12(e) is appropriate where, as here, "even under the liberal notice pleading standard established by the Federal Rules of Civil Procedure, the defendant cannot be expected to frame a proper, fact-specific defense." *Energy Intelligence Group Inc. v. PECO Energy Company*, 2021 WL 4243503, at *2 (E.D.P.A. 2021) (internal citations omitted); *see also Strike 3 Holdings, LLC v. Doe Subscriber Assigned IP Address 68.82.141.39*, 370 F.Supp.3d 478, 483 (E.D.P.A. 2019) ("A motion under Rule 12(e) is appropriate when the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to itself." (citations omitted)); *Phipps v. City of New York*, 2019 WL 4274210, *3 (S.D.N.Y.) ("courts in this district have granted such motions [for a more definite statement] when *pro se* complaints were too convoluted, lengthy, or otherwise too difficult to comprehend").

III. **ANALYSIS**

Plaintiff's SAC comprises multiple disjointed narratives that are rambling, internally inconsistent, and replete with extraneous and vague allegations, presented in no discernible chronological order. *See, e.g.*, SAC at 13 (stating, without context, "I was punished for something that happened 13th [sic] months ago, a Caucasian manager has a 'security breach incident' but nothing happened to him."); *id.* at 17-18 (proceeding from discussing alleged November 1, 2021 termination, to alleged October 1, 2020 termination, to alleged October 21, 2019 job interview). Plaintiff repeatedly refers to unidentified actors as "they" without further detail. *See, e.g., id.* at 13 ("They thought I was the right man for the job, they offered me the position if I accepted it [sic] they would move on from the September 28th incident."). The SAC also contains scattered excerpts of email correspondence, many of which seem unrelated to the surrounding text or to Plaintiff's claims. *See, e.g., id.* at 20-22 (pasted emails discussing apparent attendance issue not discussed elsewhere in SAC).

Rather than providing a "short and plain statement . . . showing that [he] is entitled to relief," Plaintiff has created a puzzle of facts, effectively requiring Delta to disentangle them in order to attempt a defense—a burden that should not rest with Delta. *See Infanti v. Scharpf*, No. 06-CV-6552, 2008 WL 2397607, at *2 (E.D.N.Y. June 10, 2008) ("It is not the duty of . . . defendants or this Court to sift through the Complaint and guess which factual allegations support which claims. Rule 8(a) places the burden squarely upon the plaintiff to clearly and succinctly state [his] claims."); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (noting that, under Rule 8(a)(2), the statement of claim "should be short because '[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage'").

Even under the more lenient pleading standard for *pro se* plaintiffs, Plaintiff's SAC fails to allege facts sufficient to state a claim for discrimination or retaliation, or to provide Defendant "fair notice of what the…claim is and the grounds upon which it rests," as required by Rule 8(a)(2). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). The SAC is "so vague [and] ambiguous that [Delta] cannot reasonably prepare a response," Fed. R. Civ. P. 12(e), and falls below even the more lenient pleading standard for pro se plaintiffs. While courts often dismiss such claims outright— both with and without prejudice – Delta acknowledges that the Second Circuit has recognized a motion for a more definite statement as an appropriate mechanism to balance liberal construction of pro se pleadings with a defendant's need to address the merits of a claim," *Garcia v. Wolcott*, 2024 WL 2838898, at *1 (W.D.N.Y. May 28, 2024) (citing *Phillips v. Girdich*, 408 F.3d 124, 128-29 (2d Cir. 2005)).

Accordingly, Delta respectfully requests that the Court require Plaintiff to replead his claims in the proper "short and plain" manner to allow Defendant to understand and respond appropriately. Delta further requests that if Plaintiff fails to comply by a date certain set by the Court, or if any amended pleading remains deficient under Rule 8, Delta be granted leave to promptly move for dismissal under Rule 12(b)(6) for failure to state a claim.

### IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests this Court order Plaintiff to provide a more definite statement of his claims under Rule 12(e), so that Defendant may respond in good faith and without prejudice and grant such other relief as the Court deems appropriate.

Dated: December 9, 2025                        Respectfully submitted,

*/s/ Ira G. Rosenstein*
Ira G. Rosenstein (NY ID # 2344703)
MORGAN, LEWIS & BOCKIUS, LLP
101 Park Avenue

New York, NY 10178
(212) 309-6960
ira.rosenstein@morganlewis.com
*Attorney for Defendant*

## WORD COUNT CERTIFICATION

I hereby certify that this memorandum complies with the word-count limits pursuant to Local Civil Rule 7.1. This memorandum contains 1,864 words, exclusive of the caption, any index, table of contents, table of authorities, signature blocks, or any required certificates, but does include material contained in footnotes, according to the word processing software used to prepare it.

*/s/ Ira G. Rosenstein*
Ira G. Rosenstein

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on December 9, 2025, the foregoing document was filed electronically and served via operation of the Court's CM/ECF system and via email.

*/s/ Ira G. Rosenstein*
Ira G. Rosenstein