UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

SAMBOU BARADJI,

                Plaintiff,         **MEMORANDUM & ORDER**
                                                            23-CV-2125(EK)(PK)
       -against-

DELTA AIRLINES,

                Defendant.

------------------------------------x
ERIC KOMITEE, United States District Judge:

       Sambou Baradji has sued Delta Airlines, his former employer, alleging that the airline discriminated against him based on his race, national origin, and disability. Proceeding *pro se* and *in forma pauperis*, he asserts claims under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act. The Court dismissed a previous incarnation of his complaint with leave to amend. For the reasons discussed below, the complaint must now be dismissed with prejudice.

                              **I.   Background**

      Plaintiff alleges that Delta wrongfully terminated his employment. *See* Second Am. Compl. ("SAC") 12, ECF No. 8.[1] In his initial complaint, plaintiff alluded to an incident — not described in detail — that took place in December 2019. Compl. 9, ECF No. 1. The complaint did not suggest that Delta took any

---

[1] Page numbers refer to the ECF pagination, unless otherwise noted.

adverse action immediately thereafter.  Rather, Delta terminated plaintiff in 2021, with COVID-19 serving as, in his words, "an excuse."  *Id.*  Plaintiff received an offer to return thereafter, but management subsequently "advised" him that he could not be re-hired due to this incident.  *Id.*

The Court dismissed that complaint, as it "[did] not reveal enough of what happened . . . to give rise to a plausible inference that the defendant acted on the basis of an improper motive."  Mem. & Order 5, ECF No. 5.  Plaintiff had failed to "supply a clear description of" the incident in question, or allege enough relevant facts concerning his former colleagues sufficient to allow any reasonable comparison.  *Id.* at 6.  Plaintiff also had not alleged that he suffered from any disability, and the Court explained that the ADA "permits claims only for adverse employment action because of the plaintiff's disability or perceived disability."  *Id.* (citing *Kinneary v. City of New York*, 601 F.3d 151, 155–56 (2d Cir. 2010)).

The Court granted plaintiff leave to amend the complaint to cure these deficiencies.  *Id.* at 7-8.  Plaintiff has since filed two amended complaints.  ECF Nos. 6, 7.  The Court construed the second new filing as a motion for leave to amend and granted it.  *See* Docket Order dated Apr. 12, 2024.

## II.  Legal Standard

A district court must dismiss an *in forma pauperis* action that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[2]

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[3] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

*Pro se* complaints are "held to less stringent standards" than pleadings drafted by attorneys, and the Court will read a *pro se* complaint liberally and interpret it to raise the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant*, 537

---

[2] The Court may still dismiss the SAC notwithstanding Delta's service, as Section 1915 permits *sua sponte* dismissal "at any time." 28 U.S.C. § 1915(e)(2); *see, e.g.*, *Zappin v. Cooper*, No. 20-CV-2669, 2020 WL 4753036, at *3 (S.D.N.Y. Aug. 17, 2020) (collecting cases).

[3] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

3

F.3d 185, 191 (2d Cir. 2008). Still, a *pro se* plaintiff is not exempt from "compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

### III. Discussion

As the Court previously explained, when relying on a disparate-treatment theory, a "plaintiff must show she was similarly situated in all material respects to the individuals with whom she seeks to compare herself." *Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000). In making this determination, the Court must judge "whether the conduct for which the employer imposed discipline was of comparable seriousness." *Id.* at 40.

The Court cannot do so, as the events surrounding the termination remain unclear. The complaint suggests, somewhat nebulously, that Delta assigned the plaintiff responsibility for an alleged "security breach" on a September 2018 Delta flight. SAC 12-13. Plaintiff denies that such a breach occurred. *Id.* at 13. The complaint provides little to no detail concerning what plaintiff was accused of, and by whom. *See Whittle v. Cnty. of Sullivan*, No. 16-CV-725, 2017 WL 5197154, at *7 (S.D.N.Y. Nov. 8, 2017) (dismissing complaint in which plaintiff provided "little detail about the insubordination charges" of which he was accused, or about a memorandum he received and "how

4

it related to his firing."). The SAC then alleges: "They [the director, general manager, and department manager] thought I was the right man for the job, they offered me the position[.] [I]f I accepted it they would move on from the September [2018] incident. When I turned it down, they started targeting me." SAC 13. Plaintiff does not allege when or how he was targeted. He goes on to allege that his November 2021 termination was "based on the incident that happened in 2018." *Id.* at 17.[4] But such "bald assertions of discrimination — unsupported by any meaningful comments [or] actions" do not suffice to allege a Title VII claim. *De La Pena v. Metro. Life Ins. Co.*, 552 F. App'x 98, 100 (2d Cir. 2014).

Plaintiff's second amended complaint now references one individual by name and title, and alleges that she made racially insensitive comments. SAC 23. But plaintiff does not tell us this individual's role (if any) in his termination. And "stray remarks, even if made by a decision maker, do not constitute sufficient evidence to make out a case of employment discrimination." *Danzer v. Norden Systems, Inc.*, 151 F.3d 50, 56 (2d Cir. 1998).

---

[4] Even here, the complaint is not clear as to when and how Delta terminated plaintiff's employment. The complaint alleges that "[b]efore" this termination, plaintiff "was terminated on October 1st, 2020" because he "didn't secure a job." SAC 17.

5

Finally, as to the ADA claim, the SAC now alleges that plaintiff suffered from high blood pressure at the time of the September 2018 flight and that he got injured on the job. SAC 13, 24. Still, this is insufficient, as the amended complaint does not contain "plausible support [for] a minimal inference of discriminatory motivation." *Dooley v. JetBlue Airways Corp.*, 636 F. App'x 16, 21 (2d Cir. 2015). Plaintiff does not allege when he got injured on the job, or any connection between either his high-blood pressure and an adverse employment action. He has thus failed to plausibly allege that he suffered an adverse employment action "because of" any disability. *Kinneary*, 601 F.3d at 155-56; *see Tyson v. Dep't of Energy & Env't Prot.*, No. 21-CV-736, 2021 WL 4895898, at *1 (D. Conn. Oct. 20, 2021) ("Because a disability discrimination claim requires facts to show that disability was a reason for discrimination, it is not enough for an employee to allege merely that the employer engaged in adverse action against the employee during a time period when the employee was disabled.").

## IV. Conclusion

For the foregoing reasons, the complaint is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B); *see Sprague v. Salisbury Bank & Tr. Co.*, 969 F.3d 95, 101 (2d Cir. 2020) (affirming dismissal with prejudice because of plaintiff's "[r]epeated failure to cure deficiencies by amendments

6

previously allowed"). Delta's motion for a more definite statement, ECF No. 17, is denied as moot. The Clerk of Court is respectfully directed to mail a copy of this Order to plaintiff, note the mailing on the docket, and close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

    SO ORDERED.

        /s/ Eric Komitee
    ERIC KOMITEE
    United States District Judge

Dated:    January 27, 2026
          Brooklyn, New York